UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,

        - against -                   **MEMORANDUM AND ORDER**

LENA LASHER                           12 Cr. 868 (NRB)
  a/k/a Lena Congtang,            17 Civ. 5925 (NRB)

                 Defendant.
----------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

     Before the Court are Lena Lasher's motions (1) to compel the production of "all checks allegedly written out to [Lasher] by any of the website operators," ECF No. 427; and (2) to dismiss the Court's June 3, 2019 Order.[1] As to the first, Lasher argues that the requested checks will show that she did not personally profit from the conspiracy she was convicted of engaging in, and thus entitle her to relief from the forfeiture order entered against her. But that challenge – premised on the notion that forfeiture is limited to property that she herself "actually acquired as a result of the crime," Honeycutt v. United States, 137 S. Ct. 1626 (2017) - has already been considered and rejected by this Court in a previous decision. See Mem. and Order, Aug. 20, 2018, ECF No. 405 ("Second Circuit precedent mandates joint and several liability under Section 981, see, e.g., United States v.

---

[1] Although captioned as a motion to dismiss an unspecified order to show cause, Lasher's motion is properly construed as challenging the validity of the Court's June 3, 2019 Order. See ECF No. 459 at 2 ("The Southern District of New York Court has no jurisdiction in the June 3, 2019 order because . . . .").

Contorinis, 692 F.3d 136, 147 (2d Cir. 2012), and this precedent binds the Court unless and until the Supreme Court or Second Circuit says otherwise."); see also S.E.C. v. Amerindo Investment Advisors, Inc., No. 05-CR-621 (RJS), 2019 WL 3526590, at *2 (S.D.N.Y. Aug. 2, 2019) ("As an initial matter, the Second Circuit has not yet ruled upon the applicability of Honeycutt – a decision that relied heavily on the intricacies of the particular statutory scheme at issue in that case – to forfeiture statutes other than § 853, which governs forfeiture for a subset of drug crimes."). Whether checks were "written out to [Lasher]" is thus irrelevant to the validity of Lasher's forfeiture order, and her request to compel their production is denied. See Order, ECF No. 324 ("Ms. Lasher has no right to untethered post-conviction discovery.").

Lasher's second motion is also without merit. As we explained at a July 1, 2019 order to show cause hearing, while the Court retains the power to enforce the June 3, 2019 Order, Lasher's decision to file a notice of appeal of that Order divested this Court of jurisdiction to dismiss or amend it. ECF No. 465. Lasher nevertheless requested an opportunity to submit papers in opposition. While the Court declined to preclude Lasher from doing so, her submission does not alter our conclusion that in light of her pending appeal, we lack jurisdiction to grant Lasher's requested relief. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53 (2d Cir. 2004) ("The filing of a notice of appeal is

an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (quoting Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982)); see also Drywall Tapers & Pointers of Greater New York, Local Union 1974 of I.U.P.A.T., AFL-CIO v. Nastasi & Assocs. Inc., 488 F.3d 88, 94 (2d Cir. 2007).

For the foregoing reasons, Lasher's motions are denied in their entirety and the Clerk of Court is respectfully directed to terminate the motions pending at docket entries 427 and 459.

**SO ORDERED.**

Dated:  New York, New York
        August 19, 2019

*[signature]*
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

3

A copy of the foregoing Order has been sent via FedEx on this date to the following:

Lena Lasher
16 Patton Street
High Bridge, NJ 08829