UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA,

    - against -                   **MEMORANDUM AND ORDER**

LENA LASHER                        12 Cr. 868 (NRB)
  a/k/a Lena Congtang,         17 Civ. 5925 (NRB)

              Defendant.
------------------------------------X

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

    Before the Court is Lena Lasher's motion dated August 26, 2019, and received by the Court on August 27, 2019, for an evidentiary hearing to vacate the forfeiture component of her judgment of conviction entered on September 9, 2015, see ECF No. 273, and affirmed by the Second Circuit on September 2, 2016. See ECF No. 318.  Lasher argues that the forfeiture order should be vacated in light of the Second Circuit's decision in United States v. Fiumano, 721 F.App'x 45 (2d Cir. 2018).  Lasher's reliance on Fiumano is misplaced as it is a summary order without precedential value and was issued in the context of a direct appeal and predicated on a concession by the Government.  Finally, nowhere in the order does the Second Circuit suggest that it is extending Honeycutt to a collateral challenge to a criminal judgment.

    If we were to treat this motion as Lasher's attempt to argue that her forfeiture order should be modified in light of Honeycutt, this motion would still be denied.  The Court has

already considered and rejected this challenge, though the challenge was previously packaged as a claim of ineffective assistance by counsel. See Mem. and Order, Aug. 20, 2018, 17 Civ. 5925, ECF No. 9. Lasher has appealed the Court's Order of August 20, 2018, and the case is still pending before the Second Circuit. See Notice of Appeal, 17 Civ. 5925, ECF No. 10. In light of the pending appeal, we lack jurisdiction to consider Lasher's motion. See Motorola Credit Corp. v. Uzan, 388 F.3d 39, 53 (2d Cir. 2004) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

Alternatively, assuming jurisdiction, even were we to treat Lasher's pending motion as a motion under Federal Rule of Civil Procedure 60(b), relief would be denied as Lasher's motion is untimely. In accordance with the Federal Rule of Civil Procedure 60(c), such a motion must be made "no more than a year after the entry of" the order. This one-year limitations period is strictly enforced in this Circuit. Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (holding that the limitations period with respect to a motion for reconsideration under Rule 60(b)(1) through (3) is "absolute."). Lasher filed this motion on August 26, 2019, which

2

is more than a year after the Court entered the Order of August 20, 2018. Therefore, Lasher's motion is untimely.[1]

For the foregoing reasons, Lasher's motion is denied in its entirety and the Clerk of Court is respectfully directed to terminate the motion pending at ECF Entry No. 475.

**SO ORDERED.**

Dated: New York, New York
October 21, 2019

NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

---

[1] Nor could this motion be treated as a habeas petition under 28 U.S.C. §2255 because a habeas petition "may not be used to bring collateral challenges addressed solely to noncustodial punishments" such as forfeiture, which is the only component of her judgment Lasher challenges in this motion. United States v. Rutigliano, 887 F.3d 98, 105 (2d Cir. 2018).

A copy of the foregoing Order has been sent via FedEx on this date to the following:

Lena Lasher
16 Patton Street
High Bridge, NJ 08829